JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Frederick Hawkins ("appellant"), appeals from the trial court's conviction. The trial court found appellant guilty of vandalism and breaking and entering, but not guilty of possession of criminal tools. Appellant is now appealing from the trial court's conviction.
 I. {¶ 2} On March 15, 2002, at approximately 5:30 a.m., there was a break-in at Norman's Beverage and Deli located at 9021 So. Clair Avenue in Cleveland, Ohio. Norman's Beverage and Deli is in a brick building with two storefronts on the ground level; one storefront directly faces St. Clair Avenue and the other does not. Although they are located in the same building, there are two separate addresses and entrances for each storefront. In addition to the two storefronts, the building in question has seven apartments on the second floor. Apartment numbers one, two, three, and four face East 91st Street and have an East 91st Street address. Apartment numbers five, six, and seven face St. Clair Avenue and were vacant at the time.
 II. {¶ 3} Appellant's first assignment of error states: "The trial court erred in denying appellant's motion for acquittal when the state failed to present sufficient evidence."
 {¶ 4} With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law."Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A), "motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction." In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v.Florida (1982), 457 U.S. 31, 45.
 {¶ 5} Appellant claims that the building was not occupied and the $500 minimum was not met; these claims are inaccurate. In the case sub judice, the state did successfully demonstrate that there was seriousphysical harm to an occupied structure. Prior testimony established that Ruth Brothers was in the structure at the time of the commission of the crime. Furthermore, the testimony, evidence, and photos all demonstrated that the building damage required a considerable amount of money to repair and required a substantial amount of effort from the owner. The repairs totaled over $1,000, well over the $500 felony minimum that appellant mentions. The repairs are itemized and discussed in detail in appellant's third assignment of error.
 {¶ 6} Appellant's first assignment of error is denied.
 III. {¶ 7} Appellant's second assignment of error states the following: "Appellant's convictions are against the manifest weight of the evidence."
 {¶ 8} Upon application of the standards enunciated in Tibbs v.Florida (1982), 457 U.S. 31, the court in State v. Martin (1983),20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. TheMartin court stated:
"There being sufficient evidence to support the conviction as a matterof law, we next consider the claim that the judgment was against themanifest weight of the evidence. Here, the test is much broader. Thecourt, reviewing the entire record, weighs the evidence and allreasonable inferences, considers the credibility of the witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered."
 {¶ 9} Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Therefore, we must accord due deference to those determinations made by the trier of fact.
 {¶ 10} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Tibbs v.Florida (1982), 457 U.S. 31, 42. See, also, State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 11} The testimonies given by Ruth Brothers, Robert Montgomery, and Sabri Allan, and the state's photographic exhibits all substantiate the extent of the damage, as well as the conviction. The evidence and testimony presented does indeed support the trial court's ruling. This case is not an exceptional case in which the evidence weighs heavily against the conviction.
 {¶ 12} Appellant's second assignment of error is denied.
 IV. {¶ 13} Appellant's third assignment of error claims that "the trial court erred by admitting into evidence the state's exhibits #10, #11, #12, and #14, which were not properly authenticated."
 {¶ 14} Evid.R. 901(A) states that all evidence must be properly authenticated before it is admissible into evidence. Authentication lays the foundation for admissibility by connecting the particular evidence sought to be introduced to the issues or persons involved in the trial. Exhibits are properly authenticated when there is evidence sufficient to support finding that the matter in question is what the proponent claims. Authenticity is normally demonstrated by extrinsic evidence, unless the evidence is self-authenticating, as provided in Evid.R. 902.
 {¶ 15} Evid.R. 901(B)(1) provides that evidence is properly authenticated or identified with "testimony that a matter is what it is claimed to be." Pursuant to Evid.R. 901(A), admissibility of evidence depends upon proper authentication. An item of evidence is properly authenticated if there is sufficient evidence to support a finding that the item is what the proponent claims. The proponent has the burden to show that it is reasonably certain that no alteration, substitution, or tampering of the item occurred. State v. Moore (1973), 47 Ohio App.2d 181,183.
 {¶ 16} Evid.R. 901(A) requires only that a proponent of a document produce "* * * evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(B) provides that an exhibit could be authenticated by testimony of a witness with knowledge "* * * that a matter is what it is claimed to be."
 {¶ 17} Appellant complains that the repair receipts for the damage to the building were not properly authenticated. "Authenticity" is simply a requirement that an article of evidence must be proved to be what on its face it purports to be. That is generally satisfied by witness identification. The extrinsic evidence requirement is waived by Evid.R. 902 for articles that are defined therein as "self-authenticating." Division seven (7) of that rule includes "inscriptions, signs, tags, or labels purporting to have been affixed in the course of business andindicating ownership, control, or origin." (Emphasis added.)
 {¶ 18} State's exhibits 10, 11, 12, and 14 are receipts for various repairs undertaken to repair the damage done to the property. State's exhibit 10 is a receipt from Comet Glass. This document is a form receipt with information regarding the repairs done to the glass for the door at 9015 St. Clair Avenue. State's exhibit 11 is a $475 receipt for repairing the ceiling and the door on St. Clair Avenue, and state's exhibit 12 is a receipt for $45 to repair the safety alarm, test the circuit, and install a button. State's exhibit 14 is a $425 receipt to replace the key switch.
 {¶ 19} The various receipts corroborate the amount of money spent to repair various items that were damaged. State's exhibit 10 is a printed form that bears the glass company's name and address. That printed material constitutes an "inscription" for purposes of Evid.R. 902(7), "Trade Inscriptions and the Like," which renders it self-authenticating. This receipt and the other receipts in question were also admissible based on the testimony of the individuals involved.[1]
 {¶ 20} The owner of the property, Robert Montgomery, testified that, after receiving the telephone call regarding the break-in, he went to the building and observed that someone had broken through the front door of Norman's Beverage and Deli. The front door was broken, the glass was broken, and the outside wall was lying on the ground. Inside the building at the rear of the vacant storefront adjoining Norman's, Mr. Montgomery observed that the ceiling tiles were broken, a glass top was broken, and the glass was broken out of the front door to the vacant store. Mr. Montgomery testified that he received a receipt from Comet Glass regarding the repair of the ceiling tile, two doors and the glass counter; the receipt was for $475.
 {¶ 21} Sabri Allan testified that the button was damaged as a result of the siren being ripped from the outside of the building at the time of the breaking and entering. He further testified that the cost of replacing the button switch was $45. Mr. Allan testified that he repaired a lock on the back door himself and the replacement cost was at least $15. In addition, there was a cigarette rack that was pulled off of the wall which cost approximately $100 to repair. Moreover, state's exhibit 14 substantiates that $425 was paid to Dave Shutters for replacement of the key switch. The damage to the business property totaled at least $1000, well in excess of the $500 minimum value for a felony theft conviction.
 {¶ 22} In addition to the testimony mentioned above, additional evidence, such as state's exhibits one through three, and state's exhibits five through nine, further support the extent and nature of the damage.
 {¶ 23} Appellant's third assignment of error is not well taken and therefore denied.
Judgment affirmed.
ANN DYKE, J., concurs.
ANNE L. KILBANE, P.J., concurs in judgment only in part and dissents in part (see attached separate concurring and dissenting opinion.)
[1] See Tr. p. 130. Mr. Awadallah: "Your Honor, the State's Exhibits 10, 11, 12, 14 and 15 are copies of invoices which the witnesses themselves testified were an accurate representation and did testify they were actually copies of invoices. We had a witness who actually tried to find more invoices but was unable to find them; brought in, in terms of exhibits and for evidence sake, the best that they were able to find. I think what Mr. Condosta's argument should go to — should go to the weight of the evidence, not the admissibility of these particular items.They were all testified to, all backed by testimony and explanation underoath, subject to cross examination and it could have easily been broughtup and the witnesses questioned as to authenticity of those items at thetime they actually testified. The Court: Thank you very much. 10, 11, 12, 14 and 15 are in over defense objection." (Emphasis added.)